UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRANDON TOWNSEND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-00606-JMS-TAB |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)).

Having considered the pleadings and the expanded record in the present action, and being duly advised, the Court finds that petitioner Brandon Townsend has not met this burden as to his challenge to a disciplinary proceeding identified as No. NCF 16-01-218. This conclusion rests on the following facts and circumstances:

1. On January 28, 2015, Townsend was charged in No. NCF 16-01-218 with Possession or Use of a Controlled Substance. The written charge recited that on December 30, 2015, Townsend had submitted a urine sample for testing and that results received on January 28, 2016 showed that the sample had tested positive for Suboxone, a controlled substance. Townsend was notified of this charge on and was notified of his procedural rights in connection with the matter.

2. A hearing on the charge was conducted on February 3, 2016. Townsend was present at that hearing and made a statement concerning the charge. His statement was that the test results were not reliable. The hearing officer considered this statement, together with the other evidence, and found Townsend guilty of the charged misconduct. Sanctions were imposed. This action was filed following the completion of Townsend's administrative appeal.

3. Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974).

4. Applying the requirements of *Wolff* and *Hill* as an analytical template, Townsend received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Townsend was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

5. Townsend's claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

    a. Townsend's first claim is that the conduct report was issued to *Brian* Townsend, but his first name is *Brandon.* Prison authorities characterized this as a clerical error and noted that his correct last name and his correct inmate number were used. The respondent has added in his return to show cause that the only *Brian* Townsend of whom it had a record

was released in 2008. And Townsend acknowledges that he provided a urine sample as described in the conduct report. These circumstances do not cast substantial doubt on the reliability of the conduct report as identifying petitioner Brandon Townsend as the individual whose urine sample was handled and analyzed as set forth in the conduct report. This argument is therefore insufficient to warrant the habeas corpus relief Townsend seeks.

b.      Townsend challenges the sufficiency of the evidence. His challenge on this point rests on the failure of the lab technician to sign the toxicology report. That report does identify the technician by name. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), and that the decision "not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). There is no question that the toxicology report, even though not signed, "points to" Townsend's guilt. This court cannot now reweigh the evidence. *McPherson,* 188 F.3d at 786 (in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). The evidence in No. NCF 16-01-218 was constitutionally sufficient.

c.      Townsend's third claim is a video record was not kept to show that the chain of custody was followed. The absence of such a record does not render the process invalid. In *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000)(upholding a prison disciplinary board's decision based on a positive drug test, even though the board could not identify who tested the drugs nor confirm that the sample remained sealed throughout the chain of custody).

6.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Townsend to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: September 12, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRANDON TOWNSEND
158559
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically Registered Counsel